## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| JAMES HOWARD SEXTON<br>Fed. Reg. No. 23079-009 | CIVIL ACTION NO. 07-0088 |
| | SECTION P |
| VS. | |
| | JUDGE MELANÇON |
| WARDEN J.P. YOUNG, ET AL | |
| | MAGISTRATE JUDGE METHVIN |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *in forma pauperis* on January 12, 2007,

by *pro se* plaintiff James Howard Sexton pursuant to *Bivens v. Six Unknown Fed. Narcotics*

*Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1]  Plaintiff is an inmate in the

custody of the federal Bureau of Prisons (BOP) who is currently incarcerated at the Federal

Corrections Institute, Oakdale, Louisiana (FCIO).  Plaintiff's *Bivens* complaint alleges that he

has been denied adequate medical care.  He names as defendants FCIO Warden J. P. Young,

FCIO's "chief physician," Dr. Alexandre, BOP National Director Harley V. Lappin, and BOP

Regional Director Gerardo Maldonado.  He seeks only injunctive relief  – an order directing the

BOP "... to treat [his] symptoms and conditions in a proper, recognized, and timely manner."

On March 6, 2007 plaintiff filed a Motion for a Temporary Injunction asking the court to

enjoin the defendants from enforcing unspecified sanctions which were ordered following a

prison disciplinary hearing convened on February 21, 2007. [doc. 7]

---

[1] In *Bivens* the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983. See *Zuspann v. Brown*, 60 F.3d 1156, 1157 n. 2 (5th Cir.1995).

2

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.  For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted,  and, that the Motion for a Temporary Injunction [doc. 7] be **DENIED.**

*Background*

*1. The Complaint*

Plaintiff is an inmate in the custody of BOP; he is incarcerated at FCIO.  He is 62 years old and claims to be "...100% disabled."  He claims that he suffers from pain from conditions which preceded his incarceration – he previously had two neck surgeries (his neck was fused) and two lower back surgeries in which metal plates, rods, pins and screws were installed.  He also claims that his right arm and shoulder were injured when he was transferred from a prison in Oklahoma to FCOI in July 2006.  Plaintiff claims that he has submitted many sick call request complaining of severe pain in his shoulders and arms. He complains that the FCOI staff has refused his request for additional diagnostic examinations such as x-rays of his shoulder.  He complains that certain pain medications which were prescribed prior to his imprisonment have been discontinued by the BOP because their regulations prohibit the administration of those medications. He also complains that BOP has "... administered medications known to be potentially dangerous to patients [his] age with [his] symptoms..."

He claims that in November 2006 the "chest pain clinic" in Alexandria, Louisiana performed diagnostic tests which revealed blockage in plaintiff's arteries.  The clinic allegedly advised plaintiff to have an angiogram or angioplasty but as of the date he filed his complaint,

arrangements for such procedures had not yet been made.

Plaintiff claims that for a period of four weeks he sent numerous sick-calls to the FCIO medical department complaining of pain in his shoulder and arms; that a prison official named Mr. Torres gave him a very brief examination, advised him that x-rays would be scheduled, and assured plaintiff that if the x-rays revealed any problems, plaintiff would be sent out "... for shots or whatever..."  A week later Torres told plaintiff that he could not get an x-ray. He further advised plaintiff that he was suffering from arthritis and that there was nothing that could  be done for that.  Plaintiff told Torres that the physicians who treated him prior to his incarceration had managed to control plaintiff's pain. Torres advised plaintiff that he would provide this information to a physician who would later examine the plaintiff. However, plaintiff claims that he has not yet been examined by this physician.

Plaintiff submitted a Request for Administrative Remedy to the Warden of FCIO on September 23, 2006.   In this grievance he stated, "The 'Medical Services' just stated that I am receiving 'proper medical care' without addressing one single point made in my grievance."  On October 23, 2006 Warden Young responded to plaintiff's ARP as follows:

> A review of your medical record indicates you arrived at FCI Oakdale on July 24, 2006. You stated that your outside physician prescribed medications and to date you have not received them. Program Statement 6031.01, entitled Patient Care, states that the Clinical Director is under no obligation to follow consultant recommendations.

> You also state that you had an accident while in transport to FCI Oakdale and it has not been fully addressed. Further review of your chart reveals that an injury report was taken on July 24, 2006. During this report you indicated that 'I was told I was going to get beat up.' No injuries were noted.

> Accordingly your request is denied. [doc. 4, p. 7]

4

Plaintiff appealed this decision to the Regional BOP office and on January 11, 2007 BOP

Regional Director, G. Maldonado, Jr. responded to the appeal as follows:

> You are appealing the Warden's response to your complaint in which you state
> you injured your right elbow and shoulder and also aggravated your preexisting
> back and neck problems when you fell on a transport bus while in ... BOP
> custody. You state you are in constant pain and the Clinical Director has
> discontinued your pain medications prescribed by your private physician. You are
> requesting medical treatment.
>
> Consultation with the Clinical Director and a review of your medical record were
> conducted. Your medical record reveals an Injury Report was completed in July
> 2006 after you reported falling on a transport bus. As the Warden stated, no injury
> was noted. You arrived at your current institution on July 24, 2006, and reported a
> history of back and neck surgery. upon your arrival, you were taking Flexaril,
> Ultram, Ibuprofen, and Elavil. Neither Flexaril nor Ultram are on the BOP
> formulary. Therefore, these medications were discontinued and your Ibuprofen
> does was increased to help control your pain. On August 12, 2006, you were
> evaluated in the Chronic Care Clinic and mentioned you had injured your right
> elbow two weeks earlier. Your were examined and diagnosed with olecranon
> bursitis. You did not report shoulder pain at that time. On September 6, 2006, you
> were seen by medical staff for a complaint of right shoulder pain and prescribed
> appropriate medication.
>
> If you continue to experience pain in your right elbow and shoulder, you are
> encouraged to request re-evaluation by medical staff.
>
> The Clinical Director has determined you have received appropriate medical
> treatment for your pain. [doc. 4, p. 3]

Plaintiff was advised of his right to appeal this decision to the National BOP office in

Washington. [*id*.] Plaintiff signed his complaint on January 9, 2007 and alleged therein that the

Regional Office had failed to respond to his appeal. [doc. 1-1, paragraph 2] His complaint was

apparently filed prior to his receipt of the Regional Director's response.  It appears that plaintiff

did not seek further administrative review at the national level as directed by the Regional

Director.

5

*2. Temporary Injunction*

On March 6, 2007 plaintiff filed a Motion for Temporary Injunction.  He alleged that due to threats from other inmates he was placed into protective custody upon his arrival at FCIO on July 24, 2006. He claimed that as of some unspecified date the FCIO administration "... has proposed to send [him] into 'General Population' although the threat remains..."

He claimed that he was the subject of a Disciplinary Hearing on February 21, 2007 and that at the conclusion of the hearing the hearing officer advised him that unspecified sanctions would be enforced against plaintiff due to his refusal to return to "General Population." Plaintiff appealed this ruling, but despite his appeal, the unspecified sanctions were enforced. Plaintiff claimed that these unspecified sanctions were imposed as retaliation for plaintiff's *Bivens* suit. He asked the court to prohibit the defendants from imposing sanctions against plaintiff without prior court approval. [doc. 7]

*Law and Analysis*

*1. Frivolity Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  A civil rights complaint fails to state a claim upon which relief can be

6

granted if  it appears that no relief could be granted under any set of facts that could be proven

consistent with the allegations of the complaint. Of course, in making this determination, the

court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157

F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint

as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116,

1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given

broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a

constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*,

47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a

plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff has submitted a complaint and exhibits which outline the specific contours of his

claim for relief.  Plaintiff has provided all of the information necessary to resolve his claims.  He

need not be afforded an opportunity for further amendment. His claims  are frivolous.  His

complaint fails to state a claim for which relief may be granted.

7

### 2. Medical Care Claims

Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment.  In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] <u>should have perceived</u>, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

8

Deliberate indifference under the Eighth Amendment requires the same showing of "subjective recklessness" used in criminal law. *Farmer v. Brennan*, 511 U.S. 825 (1994). Negligence, even gross negligence, or medical malpractice is not enough to meet the test. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1993) (citing *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir.1979)). An incorrect diagnosis does not suffice. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985). Rather, the plaintiff must show the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.*

Plaintiff has not alleged facts sufficient to establish deliberate indifference in this context. Plaintiff has not shown that the defendants were aware of facts from which an inference of substantial risk of serious harm could be drawn.  As shown above plaintiff is a 62 year old man who has had a history of neck and lower back surgery. According to the evidence submitted by the plaintiff, the medical staff at FCIO have determined that he suffers from arthritis and bursitis and have provided him appropriate medication for the relief of pain symptoms.  Certain prescriptions were discontinued because BOP does not permit inmates to take these drugs. Of course, the undersigned does not intend in any way to denigrate the legitimacy of plaintiff's medical complaints or of his chronic pain, his allegations, accepted as true for these proceedings, ultimately reveal a classic example of minimal but legally sufficient prison care. That he subjectively disagrees with the quality of his treatment, and with the timing of it, is not enough under the legal standard of the Fifth Circuit to support his claim. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995).

9

Further, the facts alleged, do not show that the defendants' <u>response to plaintiff's</u> <u>complaints indicated that they subjectively intended that harm occur to him</u>. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-459 (5th Cir.2001).

In addition,  whether or not the defendants  "should have perceived" a risk of harm to plaintiff, but did not, is of no moment since  "...the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001).

"Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).  The pleadings and exhibits fall far short of such a showing.

In short, plaintiff's allegations are insufficient to state a claim for deliberate indifference. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).   The facts alleged herein, taken as true for the purposes of this Report, do not establish that the defendants were deliberately indifferent to a serious medical need. Plaintiff's claims are therefore frivolous and dismissal on that basis is recommended.[2]

_____

[2] Further, as noted above, plaintiff filed his complaint shortly before he received notice that his administrative remedies grievance had been rejected by the BOP Regional Director. BOP regulations provide "a process through which inmates may seek formal review of an issue which relates to any aspect of their confinement ... if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. In accordance with the BOP's grievance procedure, an inmate shall first attempt informal resolution of his complaint by presenting the issue informally to staff, and staff must attempt to resolve the issue. See 28 C.F.R. § 542.13(a).  Plaintiff appears to have  complied with this requirement.  BOP Regulations further provide that if the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the Warden, on a designated form, within twenty days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.15(a). Plaintiff also complied with this requirement. Further, the regulations provide that in the event the inmate's formal request is denied, the inmate may submit an appeal to the appropriate Regional Director of the BOP. See 28 C.F.R. § 542.15(a).  Plaintiff complied with this requirement. Finally, the regulations provide that a negative decision from the Regional Director may in turn be appealed to the General Counsel's Office within thirty days of the date of the Regional Director's decision. See *id.*

10

### 3. Temporary Restraining Order

Plaintiff requests a Temporary Restraining Order and Preliminary Injunction prohibiting the defendants from enforcing unspecified sanctions imposed against him following his conviction for rules violations at a disciplinary hearing convened on February 21, 2007. [doc. 7]

_____ In order to be entitled to a temporary restraining order or a preliminary injunction, a litigant must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001). "An injunction is an

---

Plaintiff's appeal was denied by the Regional Director's Office on January 11, 2007. As shown above, he signed his complaint on January 9, 2007 and filed it shortly thereafter. It is thus evident that plaintiff did not fully exhaust administrative remedies prior to filing this complaint.

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e, was amended by the Prison Litigation Reform Act (PLRA). As amended, §1997e(a) makes the exhaustion requirement mandatory in prison conditions cases. Section 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."Under current law, a prisoner must exhaust the administrative remedy procedure before proceeding to court, the statute provides for no exceptions. See *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998) (§1997e(a) "plainly requires that administrative remedies be exhausted **before** the filing of a §1983 suit, rather than while the action is pending..." "[t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation."); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)(dismissal for failing to exhaust administrative remedies is justified "as a deterrent to premature filing by...other potential litigants, thus serving the Congressional purpose of providing relief from frivolous prisoner litigation..." and "[b]y choosing to file and pursue his suit prior to exhausting administrative remedies as required, [the plaintiff] sought relief to which he was not entitled--that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures.").

Of course, the failure to exhaust administrative remedies is an affirmative defense which may not be raised by the court *sua sponte*. *Jones v. Bock*, --- U.S. ----, 127 S.Ct. 910, --- L.Ed.2d ----, 2007 WL 135890, (Jan. 22, 2007). Thus, while dismissal under §1997e(a) would be inappropriate at this time, it would nevertheless be the inevitable conclusion of this case in the event that it survives initial review.

11

extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

Plaintiff simply cannot prevail because he has not  demonstrated a substantial likelihood of success on the merits.  Unspecified sanctions were imposed against plaintiff apparently because of his refusal to return to "general population." He implies that the enforcement of these unspecified sanctions will result in some hardship or harm.

_____Constitutionally protected liberty interests are "limited to freedom from restraint which ... imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995).  Thus, in order to demonstrate the violation of a protected liberty interest, a prisoner must show that the complained of sanction was imposed for disciplinary reasons and involved "atypical, significant" hardships presenting "... a dramatic departure from the basic conditions" of prison life, *Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir.2003) (quoting Sandin, 515 U.S. at 486, 115 S.Ct. 2293), or that the sanction complained of impinged "... on the duration of confinement." *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir.1995).

Plaintiff has not identified the nature of the sanctions which were imposed, or which will be imposed  absent the issuance of a TRO.  To the extent that the complained of sanctions relate to a change in his housing assignment or status,  the Fifth Circuit has held that "the Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement." *Taylor v. Jagers*, 115 Fed. Appx. 682 (5th Cir.2004) (unpublished) (citing *Meachum v. Fano*, 427 U .S. 215, 225 (1976)). "That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty

12

interest is implicated when a prisoner is transferred to the institution with the more severe rules." *Meachum*, 427 U.S. at 225.  Since no recognized constitutionally protected liberty interests  have been identified by the plaintiff, and, since no due process rights have been implicated, it is clear that plaintiff is unlikely to succeed on the merits of his claim and therefore, he is not entitled to a Temporary Restraining Order.

Further, it would be against the public interest to issue an injunction based solely on plaintiff's disagreement with the imposition of unspecified sanctions. The Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." *Shaw v. Murphy*, 532 U.S. 223, 230, 121 S.Ct. 1475, 149 L.Ed.2d 420, (2001); accord *Washington v. Harper*, 494 U.S. 210, 223-24, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990); *Turner v. Safley,* 482 U.S. 78, 84-85, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Bell v. Wolfish*, 441 U.S. 520, 547-48, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Jones v. N.C. Prisoners' Labor Union*, 433 U.S. 119, 125, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977).  Plaintiff's allegations are insufficient to warrant interference into the BOP's administration of its prisons.[3]

---

[3] In his Motion plaintiff also implies that the imposition of the unspecified but complained of sanctions were "punishment for this civil action." [doc. 7, paragraph 7] Of course, this allegation is at odds with his previous statement that the sanctions were imposed because plaintiff refused to return to "general population" as ordered. [*id.*, paragraph 5] Nevertheless, to the extent that plaintiff implies that the disciplinary proceedings, the decision to return him to the general population, or the imposition of sanctions were retaliation for filing his original complaint, such claims are without merit.

It is, of course, axiomatic that "a prison official may not retaliate against or harass an inmate for exercising ... " rights guaranteed to him by the Constitution. *Woods v. Smith*, 60 F.3d 1161, 1164 (5 Cir.1995). However, retaliation claims are "regarded with skepticism" and must be "carefully scrutinize[d]." *Id.* at 1166.

In order to prevail on a claim of retaliation, a civil rights plaintiff must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the plaintiff for his exercise of that right, (3) a retaliatory adverse act, and (4) causation. Causation requires a showing that "but for" the retaliatory motive the complained of incident would not have occurred. *McDonald v. Steward*, 132 F.3d 225, 231 (5 Cir.1998) (internal quotation marks and ellipsis

13

Accordingly, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and  for failing to state a claim on which relief may be granted;

**IT IS FURTHER RECOMMENDED** that plaintiff's Motion for Temporary Restraining Order or Injunction [doc. 7] be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

---

omitted).  A civil rights plaintiff thus bears a "significant burden" with respect to retaliation claims. *Woods*, 60 F.3d at 1166. "Mere conclusionary allegations of retaliation" are insufficient. *Id.* Rather, the plaintiff  "must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred." *Id.* (internal quotation marks omitted).

Plaintiff has not met his burden to establish that the defendants directed him to return to the general population or imposed disciplinary sanctions against him when he refused based on a retaliatory motive.

14

**conclusions accepted by the District Court, except upon grounds of plain error. See**

***Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on March 12, 2007.


Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)